UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIEGO YIMMY LOPEZ LOPEZ

        Plaintiff,

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES;
CHAD F. WOLF, Purported Acting Secretary of
The Department of Homeland Security;
KENNETH T. CUCCINELLI, Purported Senior
Official Performing the Duties of the Director
of the United States Citizenship and Immigration
Services; GREGORY A. RICHARDSON, Director,
Texas Service Center

        Defendants.

Case No.

Hon.

_____

## INTRODUCTION

1) Plaintiff Diego Yimmy Lopez Lopez (herein "Mr. Lopez") hereby files this complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. (herein "APA") to challenge the denial of his Form I-765, Application for Employment Authorization. Defendant United States Citizenship and Immigration Services (herein "USCIS") and the other Defendants, acting on behalf of USCIS, erroneously denied Plaintiff's I-765. To summarize, Plaintiff sought employment authorization on the basis of his pending asylum application and USCIS rejected the application on the purported basis that "a review of your file… fails to indicate that you… filed… for asylum." In fact, Plaintiff filed an asylum application at the Detroit Immigration Court on January 28,

2020 and enclosed proof of the filing with his I-765. As such, the decision has no basis in fact. Plaintiff seeks a declaration that Defendants' decision violated the APA because it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or otherwise not in accordance with the law; in excess of statutory jurisdiction, authority, or limitations or short of statutory right; or without observance of procedures required by law. As a result of Defendants' improper acts and omissions, the Court should order Defendants to reopen and reconsider Plaintiff's application.

## JURISDICTION

2) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

3) The APA provides a waiver of sovereign immunity as well as a cause of action. 5 U.S.C. § 702.

## STANDING

4) The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's Form I-765 results in Plaintiff being unable to lawfully be employed in the United States. Plaintiff thus falls within the APA's standing provisions.

## VENUE

5) Venue is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district, Plaintiff resides in this district and no real property is involved in this action.

## PARTIES

6) Plaintiff Diego Yimmy Lopez Lopez is a citizen of Mexico that at all relevant times has resided in Kalamazoo County, Michigan.

7) Defendant USCIS is a component agency within the Department of Homeland Security and is responsible for the administration and enforcement of the Immigration and Nationality Act. Among its duties, USCIS is responsible for adjudicating applications and petitions such as Form I-765, Application for Employment Authorization.

8) Defendant Chad F. Wolf is purportedly the Acting Secretary of the United States Department of Homeland Security (DHS) although as determined[1] and re-determined[2] by the Government Accountability Office, Defendant Wolf has never had authority to serve in that capacity. The Homeland Security Act of 2002, Pub.L.107-296, created DHS to perform the duties of the former Immigration and Naturalization Service. The Secretary's responsibilities are set forth in 8 U.S.C. §§ 1103(a)(1)-(3), among which are: to administer and enforce the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens; to control, direct and supervise all employees; to establish such regulations, issue such instructions and perform such other

---

[1] https://www.gao.gov/assets/710/708830.pdf (Last accessed on August 30, 2020).
[2] https://www.gao.gov/assets/710/708944.pdf (Last accessed on August 30, 2020).

acts deemed necessary for carrying out his authority; and to require any employee of USCIS to perform or exercise any of the powers, privileges or duties conferred or imposed by the Act or regulations issued thereunder. Mr. Wolf is sued in his official capacity.

9) Kenneth T. Cuccinelli is the senior official performing the duties of the Director of USCIS. Like with Defendant Wolf (and for the same reasons) he has never had authority to serve in that capacity; these Defendants are "acting" and "performing" in multiple senses of the word. Pursuant to section 451 of the Homeland Security Act, the Director of USCIS administers the provisions of the Immigration & Nationality Act through his agents and officials of USCIS. He oversees the operations of personnel of USCIS who adjudicate applications such as Form I-765 filed by foreign nationals. Mr. Cuccinelli is sued in his official capacity.

10) Gregory A. Richardson is the Director of USCIS's Texas Service Center. He has authority to adjudicate I-765 applications such as the one in dispute here. Mr. Richardson is sued in his official capacity.

## FACTUAL ALLEGATIONS

11) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

12) On January 28, 2020 in open court at the Detroit Immigration Court,[3] in a hearing presided over by Immigration Judge Jennifer Gorland, Plaintiff filed an asylum application.

13) To quote the Immigration Court Practice Manual published on the U.S. Department of Justice's website,[4] "If the filing party desires a 'conformed copy' (i.e., a copy of the filing bearing the Immigration Court's time-and-date stamp), the original must be accompanied by an accurate copy of the filing, prominently marked 'CONFORMED COPY; RETURN TO SENDER.' If the filing is voluminous, only a copy of the cover page and table of contents needs to be submitted for confirmation."

14) As is undersigned counsel's normal practice and for the purpose of later being able to submit an I-765, a conformed copy of the asylum application was requested by counsel and was provided by Judge Gorland's clerk. The conformed copy is appended as **Exhibit A**.

15) For asylum applications filed in an immigration court, Defendant USCIS has the responsibility to complete biometrics for purposes of a background check. For said reason, pursuant to the relevant instructions,[5] Plaintiff also made an asylum filing with USCIS and was mailed a receipt notice for the filing on February 3, 2020. The receipt notice is appended as **Exhibit B**.

---

[3] The immigration court system is formally known as the "Executive Office for Immigration Review".
[4] https://www.justice.gov/eoir/page/file/1258536/download (Last accessed on September 1, 2020).
[5] https://www.uscis.gov/sites/default/files/document/forms/PreOrderInstr.pdf (Last accessed on September 1, 2020).

16) On February 4, 2020, USCIS sent a notice regarding Plaintiff's biometrics appointment. Plaintiff attended as scheduled on February 19, 2020 and a USCIS agent stamped his biometrics notice. The stamped biometrics notice is appended as **Exhibit C**.

17) Plaintiff filed the I-765 that is the subject of this lawsuit on July 13, 2020. Included with that filing was the conformed copy (Exhibit A)[6] showing that Plaintiff filed an asylum application on January 28, 2020 at the Detroit Immigration Court.

18) USCIS denied the I-765 in a decision dated August 25, 2020 on the sole basis that "a review of your file and USCIS and Executive Office for Immigration Review (EOIR) records fails to indicate that you have either lodged or filed Form I-589, Application for Asylum and for Withholding of Removal, pursuant to 8 CFR § 208." The decision is appended as **Exhibit D**.

19) This decision was plainly erroneous as Plaintiff had provided the conformed copy of his asylum application filed on January 28, 2020. Plaintiff's counsel also noted in his cover letter that enclosed with the I-765 application was a "copy of papers from EOIR confirming the filing of an asylum application on January 28, 2020."

20) Undersigned counsel received the decision by mail on August 31, 2020 and promptly called USCIS customer service. After being on hold for approximately an hour, counsel spoke to an agent but the agent said it would be necessary to elevate the issue to "tier 2" and that, unfortunately, no tier 2 agent was available because it was too late in the day. It was 2:45 PM EST when this message was communicated.

---

[6] Copies of Exhibit B and Exhibit C were also enclosed with the I-765.

21) Undersigned counsel called again on September 1, 2020 at 8:00 AM EST. He was again informed that no tier 2 agent was available but was promised a prompt call back.

22) Undersigned counsel received a call back at 10:20 AM EST but the tier 2 agent could not resolve the issue.

**COUNT ONE**
**(Violation of the Administrative Procedure Act)**

23) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

24) Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

25) The documents submitted by Plaintiff, including the conformed copy of the asylum application filing, established his eligibility for employment authorization.

26) Defendants' denial of Plaintiff's July 13, 2020 I-765 is based on their failure to look at papers provided with the application and referenced in counsel's cover letter. Additionally, the purported "review" of immigration records noted in the decision apparently did not happen.

27) Defendants failed to administer the applicable law in conformance with Congressional intent.

28) Defendants acted arbitrarily, capriciously or contrary to law in violation of the Administrative Procedure Act by denying Plaintiff's I-765. Defendants' decision is unsupported by substantial evidence

29)   Plaintiff has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant the following relief:

(A)   Declare Defendants' denial of Plaintiff's I-765 to be in violation of the Administrative Procedure Act;

(B)   Order Defendants to immediately reopen and re-adjudicate the I-765;

(C)   Retain jurisdiction during the adjudication of the I-765 in order to ensure compliance with the Court's orders;

(D)   Award reasonable costs and attorney fees under the Equal Access to Justice Act, 5 U.S.C. § 552(a)(4)(E) or any other applicable law; and

(E)   Grant such further relief as the Court deems just and proper.

Dated: September 1, 2020          Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff